EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARK A. WARD,
  Plaintiff,

v.              Action No. 2:99cv461

WAVY BROADCASTING, INC.,
and LIN TELEVISION CORP.,
  Defendants.

## ORDER

This case is before the Court on Defendants' Motion for Sanctions. Pursuant to Rule 11, Defendants served their Motion for Sanctions on the Plaintiff on May 21, 2002, and then filed their motion with this Court on June 14, 2002. Fed. R. Civ. P. 11(c)(1)(A). Defendants seek monetary sanctions against pro se Plaintiff as well as an order rescinding Plaintiff's in forma pauperis status and prohibiting Plaintiff from filing any further pleadings or actions against Defendants without first obtaining leave of court. For the reasons explained herein, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

The underlying case dates back to April 1, 1999, when Plaintiff filed suit against the Defendants for breach of a settlement agreement. On November 9, 1999, this Court granted Defendants' Motion for Summary Judgment. Plaintiff filed a Motion to Reopen on December 2, 1999, on the ground that Defendants had submitted false affidavits in support of their application for summary judgment, and this Court denied that motion on January 18, 2000. Plaintiff subsequently filed a new suit against Defendants for misrepresentation on February 21, 2002, and voluntarily dismissed the suit on April 26, 2002. Plaintiff filed a Motion to Vacate the Judgment on April 28, 2002, and this Court denied that motion on June 14, 2002. Defendants then served and filed the

Motion for Sanctions that is presently before this Court.

In their Motion for Sanctions, Defendants allege that Plaintiff's filing of the Motion to Vacate the Judgment on April 28, 2002, violated Federal Rule of Civil Procedure 11 because Plaintiff failed to conduct the pre-filing inquiry that Rule 11 affirmatively requires. In support of their allegation, Defendants point to purported frivolity of Plaintiff's motion and the short time period between Plaintiff's voluntary dismissal of a misrepresentation cause of action against the Defendants and Plaintiff's filing of the Motion to Vacate the Judgment. On the other hand, Plaintiff maintains that he conducted reasonably sufficient inquiries by referring to the matter to the Federal Bureau of Investigation and consulting with an attorney.

The imposition of Rule 11 sanctions is not mandatory, but rather it is within the discretion of the Court. Fed. R. Civ P. 11(c); Bakker v. Grutman, 924 F.2d 236, 239 (4th Cir. 1991). Rule 11 applies to anyone who signs a pleading, motion, or other paper that is submitted to the Court, including unrepresented parties who must themselves sign the pleadings, motions, or other papers. Even though represented and unrepresented parties are bound by the same standard under Rule 11, the Court has sufficient discretion to take into account the special circumstances that arise in pro se situations. Fed. R. Civ. P. 11 advisory committee's note.

In this case, Plaintiff is pro se, and so upon filing his Motion to Vacate the Judgment with the Court, Plaintiff became bound by the requirements of Rule 11 with regard to the contents of that motion. In denying Plaintiff's Motion to Vacate, the Court found Plaintiff's allegations to be conclusory and speculative. Plaintiff's voluntary dismissal of his misrepresentation action indicates that he was aware or should have been aware of the problems with his claim. At the very least, Plaintiff should have taken some steps to further ascertain his legal rights between the time of his

2

voluntary dismissal of the misrepresentation cause of action and his filing of the Motion to Vacate the Judgment. Plaintiff has presented no evidence of such diligence on his part. In light of Rule 11's purpose of deterring repetitive conduct, the Court hereby ORDERS that Plaintiff obtain leave of court prior to filing any subsequent motions or actions against Defendants. The Court, however, does not find that Plaintiff's conduct was sufficiently egregious under the circumstances to warrant monetary sanctions. For this reason, the Court declines to impose monetary sanctions and hereby DENIES Defendants' request for attorney's fees.

In its June 14, 2002, the Court admonished Plaintiff that this case is over, and the Court now reiterates that admonition. The Court ORDERS that Plaintiff file no further proceedings, suits, or motions of any kind in any court, whether federal or state, concerning the matters alleged in this suit or relating directly or indirectly to it. Plaintiff's failure to heed this admonition and order could subject him to further sanctions. For the aforementioned reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Sanctions.

The Clerk is DIRECTED to forward a copy of this Order to the Plaintiff and the counsel for the Defendants.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Norfolk, VA
October ~~October~~ Sept 4, 2002

3

9/30/02 - copies mailed - crw