IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK A. WARD,

    Plaintiff,

v.

PETER E. MALONEY, Plan Administrator,

and

JOHN T. McDonald,

    Defendants.

Civil Action No.

1:08CV00054

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

Plaintiff, Mark A. Ward, submit this Memorandum of Law in Support of his Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiff, pro se, filed an action seeking declaratory and injunctive relief, along with evidence to support Plaintiff's allegations. Defendants <u>having no defense</u>, has now filed a frivolous Motion for Sanctions to harass Plaintiff.

In this case, Defendants' had already filed a Motion requesting the same sanction in October, 2005, and in July, 2007, this Court denied Defendants' motion. The frivolous nature of Defendants' motion, and the timing surrounding its filing,

establish that Defendants filed the instant motion for the improper purpose of harassing Plaintiff. Consequently, Plaintiff ask that the Court sanction Defendants, its attorneys and its lawfirms and awarding Plaintiff reasonable attorney's fees expended in opposing this motion.

## ARGUMENT

**DEFENDANTS SHOULD BE SANCTIONED FOR FILING ITS MOTION FOR THE IMPROPER PURPOSE OF HARASSING PLAINTIFF.**

As grounds for granting his Motion for Sanctions, Plaintiff asserts that Defendants' motion is frivolous and filed for the improper purpose of harassing Plaintiff. In January 2008, Plaintiff filed a meritorious action along with evidence to support Plaintiff's allegations. This Court has not and cannot arrive at a legal conclusion that Plaintiff's present action is meritless. As a result of Defendants' lack of a defense against Plaintiff's claims, Defendants have lodged a campaign to harass Plaintiff by filing a frivolous motion for a pre-filing injunction, a motion that this Court denied less than a year ago. In Defendants' motion, Defendants cite no law or authority to support Defendants' bare allegation that Plaintiff's present action is frivolous, meritless, or "related" and therefore Defendants makes no specific argument. Defendants' attorneys knows the rules and knows that Defendants' Motion for Sanctions is not a good faith argument and violates the Rules of Professional Conduct.

2

As Defendants and its attorneys have done numerous times before, Defendants have raised several frivolous and nonsensical arguments in Defendants' Motions for Sanctions. Even more egregious is the fact that Defendants continues to assert arguments that Defendants have raised previously, often repeatedly, even through such arguments have been previously rejected by this Court, and Defendants' current motion should also be rejected. Defendants and its attorneys have shown their lack of acceptance of prior court orders by Defendants filing its present frivolous motion for the improper purpose of harassing Plaintiff. To determine "improper purpose,' a district court must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent." <u>Stevens v. Lawyers Mut. Liab. Ins. Co.</u>, 789 F.2d 1056, 1060 (4th Cir. 1986).

In this case, Defendants' arguments put forth in Defendants' Motion for Sanctions have already been ruled on by this Court in response to Defendants' prior Motion for Sanctions in which this Court rejected. Defendants have refused to accept the ruling of this Court, and instead continues to file frivolous Motions for Sanctions and pre-filing injunctions against Plaintiff for the improper purpose of harassing Plaintiff.

3

## CONCLUSION

For the foregoing reasons, Plaintiff moves this Court for an order imposing sanctions against Defendants and its attorneys including; an award to Plaintiff of reasonable attorney's fees and costs incurred in opposing Defendants' specious motion; and any other sanctions as may be appropriate and necessary.

Dated: May 30, 2008

*Mark A. Ward*, pro se
Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2008, a true copy of the foregoing was mailed first class, postage prepaid, to:

LUCRETIA D. GUIA
WOMBLE CARLYLE SANDRIDGE & RICE
ONE WEST FOURTH STREET
WINSTON-SALEM, NC 27101

*Mark A. Ward*

5