IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:08CV00054

| | |
|---|---|
| MARK A. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' MEMORANDUM IN** |
| v. ) | **OPPOSITION TO PLAINTIFF MARK** |
| ) | **WARD'S MOTION FOR SANCTIONS** |
| PETER E. MALONEY, Plan Administrator, ) | |
| ) | |
| and ) | |
| ) | |
| JOHN T. McDONALD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

NOW COME Defendants, Peter E. Maloney and John T. McDonald, by counsel, and for their Memorandum in Opposition to Plaintiff's Motion for Sanctions, state as follows.

I. **PRELIMINARY STATEMENT**

On May 7, 2008, Defendants moved this Honorable Court for entry of a Pre-filing Injunction against Plaintiff Mark Ward. On May 30, 2008, Mr. Ward responded by filing his own Motion for Rule 11 Sanctions against Defendants. In this Motion, Mr. Ward alleged that Defendants filed their Motion for Pre-Filing Injunction for the sole purpose of harassing Mr. Ward.

Mr. Ward's Motion for Sanctions is exactly the type of frivolous and harassing filing which Mr. Ward has been directing at the Defendants and related parties for the last fifteen years. For example, in filing his Motion, Mr. Ward completely failed to comply with the 21 day safe harbor provision required by Rule 11(c)(2) and as such, his Motion cannot succeed. Moreover, Mr. Ward bases his entire argument for sanctions solely on the fact that this Court previously

denied Defendant's Motion for Pre-Filing Injunction filed in one of Mr. Ward's previous lawsuits. Therefore, Mr. Ward argues, Defendants should have known that the current Motion for Pre-Filing Injunction is frivolous. This argument is not only without factual or legal support, but it also totally ignores the fact that, in this Court's previous denial upon which Mr. Ward bases his Motion for Sanctions, Judge Osteen specifically warned Mr. Ward that "Defendant *may* move to reopen this matter (the attempt to enjoin Ward) if Plaintiff attempts to re-litigate this subject in this or any other jurisdiction." (See, Judge Osteen's Opinion, attached as Exhibit 1).

Mr. Ward directly ignored Judge Osteen's warning because his current lawsuit is an attempt to "re-litigate" his previous ERISA claim against Mr. Maloney. In response, Defendants have merely acted within the confines of the Court's prior Order by "re-opening" their attempt to curb Mr. Ward's litigation abuses. Mr. Ward's reliance on this Order, which was meant as a warning *to him*, as a basis for a Motion for Sanctions against *Defendants*, demonstrates that his Motion for Sanctions is without merit and that Defendants' Motion for Pre-Filing Injunction is an appropriate and necessary remedy to curb Mr. Ward's frivolous and vexatious filings.

## II. ARGUMENT

### A. Mr. Ward has Failed to Comply with Rule 11's Safe Harbor Provisions

Federal Rule of Civil Procedure 11(c)(2) provides that a Motion for Sanctions "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service" on the opposing party. Rule 11 therefore requires the moving party to provide the opposing party with at least 21 days of notice of his or her intent to move for sanctions. The Court of Appeals for the Fourth Circuit has held that this 21 day notice period is mandatory and that the Motion for Sanctions may not be filed until the opposing party

2

has had 21 days to consider the issue. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 388-90 (4th Cir. 2004)(holding that "failure to comply with the procedural requirements precludes the imposition of the requested sanction . . . ." Thus, Rule 11 "establishes conditions precedent to the imposition of sanctions under the rule. If those conditions are not satisfied, the Rule 11 motion for sanctions may <u>not</u> be filed with the district court.").

In this case, Mr. Ward did <u>not</u> serve his Motion for Sanctions on Defendants prior to filing his Motion with the Court. Because he did not comply with Rule 11's mandatory procedural requirements, his Motion for Sanctions must be denied.

### B. <u>Mr. Ward's Motion is Without Merit</u>

In addition to its procedural defects, Mr. Ward's Motion for Sanctions is substantively without merit. Mr. Ward's only argument in support of his Motion is that Defendants are somehow barred from moving for a Pre-Filing Injunction in this matter because the Court denied a similar Motion in one of Ward's previous lawsuits.

On February 24, 2005, Mr. Ward filed an ERISA lawsuit against Peter Maloney, Plan Administrator for LIN Television Corporation. (<u>See</u> Civil Action Number 1:05cv00424). On August 23, 2005, this Court granted summary judgment to Mr. Maloney and dismissed Ward's claim. Prior to the grant of summary judgment, Mr. Maloney moved for sanctions against Mr. Ward, including the issuance of a Pre-Filing Injunction. On July 30, 2007, the Court denied Mr. Maloney's Motion. However, the Court specifically stated that "Defendant may move to reopen this matter if Plaintiff attempts to re-litigate this subject in this or any other jurisdiction" and that, "It is further ordered that Defendant's motion for sanctions is denied with *the right of Defendant to move to reopen the sanctions motion even after the proceeding is closed.*" (Exhibit 1). Thus,

3

even in the Court's previous denial of Mr. Maloney's Motion, the Court ordered that Maloney was permitted to renew the Motion if Mr. Ward ignored the Court's warnings and attempted to re-litigate the subject matter of his ERISA suit against Mr. Maloney.

Notwithstanding Judge Osteen's clear warning, Mr. Ward brought the current lawsuit in an effort to re-open one of his previous ERISA lawsuits against Mr. Maloney. Thus, under the terms of Judge Osteen's July 30, 2007, Order, Defendants were specifically entitled to re-open their Motion for a Pre-Filing Injunction against Mr. Ward. Mr. Ward's attempt to use Judge Osteen's Order as evidence of Defendants' bad faith is without merit. Contrary to Mr. Ward's assertions, Defendants are not seeking to "harass" Mr. Ward, but instead are only reacting defensively to his decades of litigation abuse. Indeed, as further evidence of Defendants' lack of harassing intent, Defendants have not sought monetary sanctions against Mr. Ward, but instead only aim to protect themselves from having to defend additional frivolous lawsuits.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion for Sanctions.

Respectfully submitted, this the 25th day of June, 2008.

/s/ John E. Pueschel
Lucretia D. Guia
N.C. State Bar No. 17992
John E. Pueschel
N.C. State Bar No. 28030
WOMBLE, CARLYLE, SANDRIDGE & RICE
*a Professional Limited Liability Company*
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3726
Facsimile: (336) 726-6013

4

William M. Furr (VSB No. 29554)
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566

*Counsel for Defendants*
*Peter E. Maloney and John T. McDonald*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF MARK WARD'S MOTION FOR SANCTIONS** was sent via First-Class United States Mail, postage prepaid to the following persons:

Mark A. Ward, Plaintiff
170 Summit Street, #21
Rural Hall, North Carolina 27045

This 25th day of June, 2008.

/s/ John E. Pueschel
John E. Pueschel
WOMBLE CARLYLE SANDRIDGE & RICE
*a Professional Limited Liability Company*
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3726
Facsimile: (336) 726-6013