**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **MARK A. WARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:08CV54** |
| | ) | |
| **PETER E. MALONEY, Plan Administrator, and JOHN T. MCDONALD,** | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motions of Defendants Peter E. Maloney and John T. McDonald to dismiss or in the alternative for summary judgment (Docket Nos. 7, 8); the cross-motion of Plaintiff Mark A. Ward for summary judgment (Docket No. 15); and the motion of Defendants Peter E. Maloney and John T. McDonald for a pre-filing injunction. (Docket No. 22.) The parties have fully briefed the issues and the motions are ready for a ruling.

### Procedural History and Factual Background

On January 22, 2008, Plaintiff Mark A. Ward filed a *pro se* Complaint for Declaratory and Injunctive Relief and an Independent Action in Equity. (Docket No. 2, Complaint ("Compl.").) Plaintiff asks the Court to vacate a judgment entered on June 14, 2004 in Civil Action No. 1:02CV467 ("the prior action") due to Defendants' alleged fabrication of evidence in that proceeding. In addition to seeking equitable relief, Plaintiff

alleges claims for "larceny by fraud," "professional misconduct," "obstruction of justice," and "malice," and seeks compensatory and punitive damages. *Id.*

Plaintiff is a former employee of WAVY-TV, an affiliate of LIN Television Corporation ("LIN"). Defendant Peter Maloney was the Plan Administrator for one of LIN's benefit plans. Defendant John McDonald was one of Maloney's attorneys in the prior action. The prior action was filed by Plaintiff in April 2002, naming Maloney as the defendant in his capacity as the ERISA Plan Administrator for LIN. In the prior action, Plaintiff alleged that Maloney violated ERISA when he denied Plaintiff's request to receive retirement benefits early as the result of an alleged disability.

During Plaintiff's application process for early benefits, Defendant Maloney informed him that his failure to obtain a Social Security Administration Disability Determination prior to seeking benefits under the Plan was one of many factors that weighed against Plaintiff's claim for early retirement benefits. In the course of the prior action, Plaintiff stated his belief that other employees had received disability retirement benefits prior to obtaining a Social Security determination and that Maloney was treating Plaintiff disparately. In particular, Plaintiff claimed that Maloney had not imposed the requirement on other Plan participants, including Stephen White. Plaintiff subpoenaed numerous third parties in an attempt to secure records demonstrating that White had begun receiving Plan disability benefits before securing a determination from the Social Security Administration. McDonald, Maloney's attorney in the prior action, provided Plaintiff with a redacted copy of White's Periodic

Payment Direction form, which indicated that White did not begin receiving disability payments from the Plan until October 31, 2000, after he had received a Social Security Disability Determination. Plaintiff disputed the authenticity of the document, maintaining that it had been altered or fabricated. In response to Defendant's motion for a protective order in the prior action, Plaintiff alleged fraud on the court in connection with the Periodic Payment Direction form, and the Court held a hearing on the matter on November 25, 2003.

At the hearing on November 25, McDonald presented the Court with the original Periodic Payment form and a copy of the document that had been faxed to Plaintiff. Magistrate Judge Russell A. Eliason inspected the original form, compared it with the copy that had been provided to Plaintiff, and rejected Plaintiff's argument that the document had been fabricated. (Docket No. 9, Maloney's Br. in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Br."), Ex. 9 at 11-18, 28.) In his briefing and during the November 25 hearing, Plaintiff presented Judge Eliason with the statements of an alleged expert who claimed that Plaintiff's copy of the document may have been altered. Plaintiff did not offer testimony from the alleged expert at the hearing. Judge Eliason relied on his own examination of the original document and the copy faxed to Plaintiff to make his findings. Judge Eliason also examined records from Wachovia, which had been improperly subpoenaed by Plaintiff, that supported Maloney's position that White had not received disability benefits until after a determination had been made on Social Security disability. (*Id.* at 20-28.) On November 28, 2003, Judge Eliason issued an Order in which he held that

Plaintiff's "allegations of misrepresentation and falsification have no support, are contradicted by the Wachovia records, and that plaintiff's request for sanctions lacks merit and is denied." (*Id.*, Ex. 4.)

On February 4, 2004, Maloney filed a motion for summary judgment in the prior action. On June 14, 2004, this Court, Judge William L. Osteen presiding, granted the motion for summary judgment, finding as a matter of law that Plaintiff was not disabled under the terms of the Plan and therefore Plaintiff was not entitled to relief. (*Id.*, Ex. 5.) On November 9, 2004, the Fourth Circuit affirmed Judge Osteen's decision.

This independent action is not the first attempt Plaintiff has made to obtain a result different from that obtained in the prior action. On March 8, 2004, while the prior action was still pending, Plaintiff filed a lawsuit in North Carolina state court against Wachovia Bank, alleging that Wachovia had deliberately falsified the documents which it had provided to Plaintiff in response to his subpoena in the federal action. On May 25, 2004, the state court dismissed the action. Plaintiff appealed, but later withdrew his appeal after Judge Osteen granted Maloney summary judgment in the federal action. On June 17, 2004, Plaintiff filed another state court action against Wachovia Bank, alleging once again that Wachovia had provided "knowingly and maliciously falsified bank statements" pursuant to the subpoena. The action was dismissed as meritless and the decision was affirmed by the North Carolina Court of Appeals. *See Ward v. Wachovia Bank, NA*, 174 N.C. App. 368 (2005), *review denied*, 360 N.C. 296, *cert. denied*, 547 U.S. 1081 (2006). Plaintiff has also

filed unsuccessful bar complaints against attorneys who represented LIN and other defendants in these matters, complaining about the same alleged forgery.

Additionally, Defendants have provided the Court with a summary of Plaintiff's litigation history, reflecting that, beginning in 1993, Plaintiff has filed in courts in North Carolina, Virginia and Rhode Island, at least fifteen lawsuits against his former employer, LIN, and/or its officers, agents, employees and legal representatives. Based on this history, Plaintiff has a pre-filing injunction in place against him in the Eastern District of Virginia, and he has been held in contempt and spent time in jail for violating court orders. ( Def.'s Br., Exs. 1, 2; Docket No. 23, Defs.' Br. in Supp. of Mot. for a Pre-Filing Inj., at 3-7.) In Plaintiff's most recent prior lawsuit, filed in Rhode Island in 2005 and transferred to this Court, which culminated in summary judgment in favor of Defendant Maloney, Defendant sought a similar sanction against Plaintiff when Plaintiff filed post-judgment motions accusing Judge William L. Osteen of bias. Although Judge Osteen denied Defendant's motion, he noted in his July 30, 2007 ruling:

> It is quite clear that Plaintiff is a frequent litigator and has been sanctioned by Judge Doumar in the Eastern District of Virginia for litigation practices. This court finds that the orders of Judge Doumar are sufficient at this time. Nevertheless, Defendant may move to reopen this matter if Plaintiff attempts to relitigate this subject in this or any other jurisdiction.

(Docket No. 22, Defs.' Mot. for Pre-Filing Inj., Ex. 3.)

Presently before the Court are Defendants' motions to dismiss or for summary judgment, Plaintiff's cross-motion for summary judgment, and Defendants' motion for pre-filing injunction.

## Analysis

### A. Defendants' Motion to Dismiss or for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment

The primary relief sought by Plaintiff in this action is the vacating of the summary judgment granted to Defendant Maloney in the prior action *Ward v. Maloney*, 1:02CV467. Plaintiff alleges that Maloney and his attorney, McDonald, committed fraud on the court by fabricating a document in that proceeding.

Under Rule 60(b),[1] a district court has "the power in certain restricted circumstances to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Compton v. Alton S.S. Co.,* 608 F.2d 96, 101-02 (4th Cir. 1979) (citations omitted). This is an "extraordinary [remedy] and is only to be invoked upon a showing of exceptional circumstances." *Id.* at 102. In considering whether to vacate a judgment under Rule 60(b), "courts must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.*

---

[1]Rule 60 was amended in 2007. No substantive changes were made, but the rule was renumbered so that Rule 60(b) now contains the grounds for relief from judgment when relief is sought within one year of judgment, and Rule 60(d) addresses other avenues for relief such as an independent action and the motion to vacate for fraud on the court.

Under the savings clause of Federal Rule of Civil Procedure 60, a party who waits more than a year from judgment to seek to vacate a judgment may do so through an independent action collaterally attacking the judgment and/or by motion in the previous action seeking to vacate the judgment. *See* Fed. R. Civ. P. 60(d). Regardless of the label, in neither situation is relief granted lightly. Independent actions seeking to vacate a judgment are reserved for "'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata," and therefore are available only to prevent a grave miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998) (*quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). Indispensable elements of such a cause of action are (1) a judgment which in good conscience should not be enforced; (2) a good defense or claim in the prior action; (3) fraud, accident or mistake in the prior action that prevented the party seeking to vacate the judgment from obtaining the benefit of his claim or defense; (4) the absence of fault or negligence on the part of the party seeking relief; and (5) the absence of an adequate remedy at law. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982). It is not the function of an independent action to relitigate issues finally determined in another action between the same parties or to ask the court to change its mind. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2868 at 398 (2d ed. 1995 & Supp. 2008).

Here, Plaintiff filed an independent action in equity and relies on a theory of fraud on the court to vacate the judgment. Whether alleged in connection with an independent action or through a motion to vacate, fraud on the court as a basis for collaterally attacking a judgment under Rule 60(d) is materially different from the fraud referred to in Rule 60(b)(3). *United States v. MacDonald*, No. 97-7297, 1998 WL 637184, at *2 (4th Cir. 1998). As the Fourth Circuit has explained, "[n]ot all 'fraud is fraud on the court.'" *Great Coastal Express,* 675 F.2d at 1356 (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2870 at 253 (1973)). Fraud on the court is a "serious allegation . . . involving corruption of the judicial process itself." *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (citation and internal quotations omitted). Courts have ordinarily limited the term to the most egregious species of fraud, "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Great Coastal Express*, 675 F.2d at 1356. Examples of fraud on the court include the bribing of a judge or juror or the assertion of improper influence over the court. *Id.* Perjury and fabricated evidence typically are not grounds for relief because they are evils "that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible." *Id.* at 1357.

The factual basis of non-disclosure that constituted the alleged fraud on the court in this case is the fabrication of a document containing information about an award of benefits

to another employee under the Plan. This factual basis was known to all parties and the Court before the final disposition of the prior litigation. According to Plaintiff's own allegations and evidence, Plaintiff raised and the Court addressed this alleged fraud in the prior action. Because Plaintiff had, and in fact took advantage of, the opportunity to root out the alleged fraud *before* the judgment in the underlying action was rendered, Plaintiff cannot establish the type of gross injustice justifying relief through an independent action or a fraud that prevented fair adjudication of the issues through the ordinary judicial process. It is not the role of this Court to revisit evidentiary issues already decided in the underlying litigation or to entertain "a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

Moreover, even if the alleged fraud had *not* been brought to the Court's attention in the prior action, there would be no grave injustice justifying an independent collateral attack in this case because the allegedly fabricated evidence was not key to the Court's resolution of Plaintiff's claims in the prior action. In granting summary judgment to Defendant Maloney in the prior action, Judge Osteen found that Plaintiff could not establish that he was disabled under the policy. (Docket No. 9, Ex. 4.) The Court also held that Maloney, the Plan Administrator, did not primarily base the denial of benefits to Plaintiff on the lack of a Social Security determination. (*Id.* at 5-10.) Because the Court found that Plaintiff was not disabled under the meaning of the Plan, he could not have prevailed even if the document at issue was in fact forged. *See MacDonald*, 1998 WL 637184, at * 4 (finding no

basis for attacking the judgment where the alleged fraud was not material to the district court's prior decision). It is not the role of this Court to revisit evidentiary issues that had no ultimate bearing on the Court's decision on the merits of Plaintiff's claim.

Finally, Plaintiff has failed to plead facts or present sufficient evidence to survive summary judgment. As noted previously, to prevail on this motion, Plaintiff must present clear and convincing evidence of "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Great Coastal Express,* 675 F.2d at 1356. While Plaintiff makes allegations against McDonald, an attorney and officer of the court, Plaintiff's evidence falls short of that required to establish a fraud on the court by clear and convincing evidence. Plaintiff alleges that Defendants were responsible for the forgery[2] of a document produced by Maloney in the prior action. To establish the forgeries, Plaintiff relies on the affidavit evidence of document examiners. However, Plaintiff's first expert, whose report was submitted to Judge Eliason in 2003, admitted that he could not determine conclusively if the document was a forgery because he had not seen the original, and Plaintiff's new expert similarly has never examined the original form. Only Judge Eliason has seen the original

[2]Plaintiff maintains that, in addition to the forgery at issue in the prior action, he has new evidence of another forgery of the same document by McDonald submitted by McDonald in his defense in 2006 of an ethics grievance filed by Plaintiff in New Jersey. This alleged *post hoc* fraud is irrelevant to the 2004 judgment attacked in this case. Moreover, Plaintiff's evidence is insufficient to withstand summary judgment.

form and compared it to the copies produced to Plaintiff, and he rejected the allegation of forgery outright. Plaintiff's evidence is insufficient to establish or even to create a genuine issue for trial on the alleged fraud, and Defendants are entitled to summary judgment.

Plaintiff's secondary causes of action also fail to state a viable claim. First, Plaintiff attempts to state a cause of action for "larceny by fraud," which is a criminal, not a civil, cause of action. Second, Plaintiff attempts to state a cause of action for "professional misconduct," another claim that is improperly asserted in the context of this federal civil action. Third, Plaintiff attempts to state a claim for "obstruction of justice," a claim which fails for the same reasons that Plaintiff's claim for fraud fails. Finally, Plaintiff attempts to assert a claim for "malice," a non-existent cause of action.

Based on the foregoing, the Court should grant Defendants' motions for summary judgment and dismiss Plaintiff's action with prejudice.

**B. Defendants' Motion for a Pre-Filing Injunction**

Defendants also ask the Court to issue a pre-filing injunction against Plaintiff, in an attempt to stop Plaintiff from filing additional frivolous litigation.

The All Writs Act, 28 U.S.C. § 1651(a) (2006), authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation. The Fourth Circuit has recognized that federal courts have the inherent authority to impose pre-filing injunctions "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Pre-filing injunctions should

be imposed "sparingly" but are warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817-18 (*quoting Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). The Fourth Circuit directs district courts to evaluate the following factors in determining whether a pre-filing injunction is warranted: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party files his cases on a good faith basis or only to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 818. If a pre-filing injunction is warranted, it should be narrowly tailored to fit the circumstances at issue. *Id.*

Examining the first factor, Plaintiff's history of litigation, Plaintiff does not deny the litigation history outlined by Defendants, but unconvincingly argues that none of the prior litigation was related to this one. In less than 15 years, Plaintiff has filed an equal number of lawsuits. All of them relate to his former employment and benefits with WAVY-TV or the conduct of witnesses involved in prior suits. Twelve of the lawsuits were against his former employer and its related entities, employees and legal representatives. Three of the lawsuits were against two banks with which Plaintiff's former employer or its related entities did business. Almost all of the suits accuse the defendants of fraud, deceit or misrepresentation, allegations that carry the potential for reputational harm. While every court has found Plaintiff's claims meritless, Plaintiff has continued to file these lawsuits, and

to file bar complaints against the legal representatives of the defendants. Plaintiff has been held in contempt, imprisoned, and monetarily sanctioned for his filings. One court has already entered a pre-filing injunction against Plaintiff, and Judge Osteen of this Court came close to doing so in Plaintiff's previous action filed in this Court.

Factor two, addressing the related question of whether Plaintiff's lawsuits are brought in good faith or are harassing in nature, also weighs against Plaintiff. Plaintiff has not prevailed in any of his lawsuits or in his appeals and post-judgment motions related to those lawsuits. The last fourteen of Plaintiff's suits have been voluntarily dismissed by Plaintiff or dismissed by the Court on Defendants' motion. Plaintiff's multiple bar complaints likewise have been found meritless. Even after Plaintiff was held in contempt in Virginia and was enjoined from filing further motions, proceedings, or suits in any court, concerning the matters alleged in his prior suits and motions, Plaintiff continued to file suits, bar complaints, and motions. To the extent that good faith *might* have been ascribed to Plaintiff at some point in his litigation history, Plaintiff crossed the line into abuse and harassment well before the pending case. That Plaintiff so adamantly maintains that he can meet a standard for fraud far beyond what his purported evidence supports indicates an unreasonableness that can only be curbed by court action.

Third, there can be no question that Plaintiff's history of litigation has placed an extraordinary burden on the courts and other parties, not just in this court, but in Virginia

and Rhode Island courts. Plaintiff has not only filed multiple suits, but has also, within the context of his suits, filed both pre- and post-judgment motions and appeals that lacked merit.

Finally, although the Court has found that the first three *Cromer* factors support a pre-filing injunction, the court must consider the adequacy of alternative sanctions. In view of Plaintiff's history, during which he has been sanctioned monetarily and imprisoned for contempt in connection with his numerous suits, the Court finds it unlikely that any sanction short of a pre-filing injunction will inhibit Plaintiff.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motions to dismiss or for summary judgment (Docket Nos. 7, 8) be granted, Plaintiff's cross-motion for summary judgment (Docket No. 15) be denied, and that Plaintiff's claims be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that in order to protect the court, the named Defendants, and any potential defendants from the harassment of frivolous and vexatious litigation, Defendants' motion for a pre-filing injunction (Docket No. 22) be granted, and the Court issue the following injunctions:

The Court enjoins Plaintiff, or anyone acting on his behalf, from filing any lawsuits, motions or related proceedings that are directly or indirectly related to this suit, in any state or federal court, against LIN Television Corporation or any of its affiliates, related entities, agents, assignees or employees, including but not limited to Peter Maloney, or against legal

representatives of those entities or individuals, including but not limited to John McDonald, without first obtaining leave of this court. Leave of court shall be granted only upon Plaintiff's payment of the filing fee and demonstrating through motion that the proposed filing (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure. The Court orders Plaintiff to attach a copy of this order and injunction to any such motion for leave of court.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: July 10, 2008